UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00600-FDW-DSC

| | |
|---|---|
| LEO THOMPSON, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)     ORDER<br>CITY OF CHARLOTTE, )<br>)<br>      Defendant. )<br>) | |

THIS MATTER is before the Court to memorialize the Court's ruling at the hearing on August 16, 2018. As ordered and for the reasons stated in open court at the hearing on August 16, 2018 before the undersigned, the Court GRANTS Defendant's Summary Judgment Motion as to the section 1981 claim but DENIES the remainder of Defendant's Summary Judgment Motion. (Doc. No. 8).

Except for the section 1981 claim, Defendant has failed to show that "there is no genuine dispute as to any material fact and [Defendant] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A reasonable juror could return a verdict for Plaintiff. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Upon review of the parties' motions, briefs, and exhibits, Defendant's assertion of a lack of genuine factual disputes is not supported by relevant "cit[ations] to particular parts of materials in the record[.]" Fed. R. Civ. P. 56(c)(1). Further, upon review of the parties' evidence, there is a genuine dispute of material fact as to Defendant's articulated reason for discharge "sufficient to make [Defendant's] proffered justification a triable issue." Guessous

v. Fairview Prop. Invs., LLC, 828 F.3d 208, 217 (4th Cir. 2016) (citations omitted).[1] Other courts have recognized that Defendant's articulated reason for discharge is rarely a question of law. Rizzo v. Children's World Learning Centers, Inc., 84 F.3d 758, 764 (5th Cir. 1996); see generally Jacobs v. N.C. Administrative Office of Courts, 780 F.3d 562, 569 (4th Cir. 2015) (reversing district court where district court "improperly resolved factual issues at the summary judgment stage"). Whether Plaintiff is a direct threat to the health and safety of himself and others "is a complicated, fact intensive determination . . . for the trier of fact to determine after weighing all of the evidence about the nature of the risk and the potential harm." Rizzo, 84 F.3d at 764; see also Montalvo v. Radcliffe, 167 F.3d 873, 877 (4th Cir. 1999) (holding that whether an individual "posed a significant risk to the health or safety of others is a 'fact intensive determination'" (quoting Rizzo, 84 F.3d at 764)); 29 C.F.R. § 1630.2(r); cf. Bragdon v. Abbott, 524 U.S. 624, 650 (1998) (recognizing that courts do not defer to the individual's judgment but must consider the reasonableness of the individual's actions in light of the available medical and objective evidence when considering a direct threat defense at summary judgment). The Court also finds the cases

---

[1] As stated in Plaintiff's termination letter, Defendant terminated Plaintiff because of Wade D. William, PhD's evaluation stating that Plaintiff "constitute[s] a high risk of safety to [his] coworkers," "cannot do [his] job safely," and "[is] unable to return to work in any capacity." (Doc. No. 12-10 at 1; see also Doc. No. 8-1 at 4). The articulation of its reasons for termination and reliance on an opinion from Williams does not entitle Plaintiff to summary judgment, especially considering other evidence put forth by Plaintiff. As summarized by the First Circuit in Gillen v. Fallon Ambulance Service, Inc., 283 F.3d 11 (1st Cir. 2002),

> [A] medical opinion is often cogent evidence of nondiscriminatory intent—in some instances, it may even be enough to justify summary judgment, see, e.g., Crocker v. Runyon, 207 F.3d 314, 319 (6th Cir.2000)—but the mere obtaining of such an opinion does not automatically absolve the employer from liability under the ADA. Cf. Bragdon, 524 U.S. at 650, 118 S.Ct. 2196 (emphasizing that "courts should assess the objective reasonableness of the views of health care professionals without deferring to their individual judgments"). Thus, an employer cannot slavishly defer to a physician's opinion without first pausing to assess the objective reasonableness of the physician's conclusions. See Holiday, 206 F.3d at 645 (explaining that "[c]ourts need not defer to an individual doctor's opinion that is neither based on the individualized inquiry mandated by the ADA nor supported by objective scientific and medical evidence").

Id. at 31-32.

cited by Defendant distinguishable. Plaintiff has adequately responded with evidence or law in response to Defendant's request for summary judgment on all claims but the section 1981 claim.

As to the section 1981 claim, Plaintiff has not defended his claim in his brief or at the hearing with any law or fact. In <u>Jett v. Dallas Independent School District</u>, 491 U.S. 701 (1989), the Supreme Court "held that when suit is brought against a state actor, § 1983 is the 'exclusive federal remedy for violation of the rights guaranteed in § 1981.'" <u>Dennis v. County of Fairfax</u>, 55 F.3d 151, 156 (4th Circuit 1995) (citing <u>Jett</u>, 491 U.S. at 733).[2] Accordingly, the Court grants summary judgment on Plaintiff's claim under 42 U.S.C. § 1981 in favor of Defendant.

THEREFORE, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Summary Judgment (Doc. No. 8). The Court grants summary judgment in favor of Defendant only on Plaintiff's claim under 42 U.S.C. § 1981. The parties are also ORDERED to submit their jointly-prepared pretrial submissions by August 27, 2018. Any motions in limine must be filed by August 27, 2018 with responses due on August 30, 2018. As the Court addressed pretrial matters at the hearing on August 16, 2018, the Court will not hold a pretrial conference before docket call on September 4, 2018.

IT IS SO ORDERED.

Signed: August 20, 2018

Frank D. Whitney
Chief United States District Judge

---

[2] Plaintiff also has not plead a custom or policy of discrimination by the Defendant as required for a section 1983 claim. <u>Id.</u>