UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00600-FDW-DSC

| | |
|---|---|
| LEO THOMPSON, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF CHARLOTTE, )<br>)<br>    Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Defendant City of Charlotte's Motion to Strike Plaintiff's Response to Defendant's Rule 50 Motion and Plaintiff's Motion for a New Trial (Doc. No. 44) and Plaintiff Leo Thompson's Motion for a New Trial (Doc. No. 43). For the reasons set forth below, all of the Motions are DENIED.

BACKGROUND

Leo Thompson ("Plaintiff") filed this action against the City of Charlotte ("Defendant") on October 6, 2017, alleging (1) race discrimination under 42 U.S.C. § 1981; (2) wrongful termination in violation of North Carolina public policy (NCEPA); (3) race discrimination under Title VII; (4) violation of the Americans with Disabilities Act (ADA); and (5) retaliation. (Doc. No. 1). This Court dismissed Plaintiff's § 1981 claim upon Defendant's motion for summary judgment. (Doc. No. 16). Upon Defendant's motion for judgment as a matter of law, this Court dismissed Plaintiff's Title VII race discrimination claim. (Trial Tr., Sept. 11, 2018, p. 56). The Court submitted Plaintiff's remaining claims to the jury. On September 13, 2018, the jury returned the verdict in Defendant's favor on Plaintiff's ADA and NCEPA claims but found for Plaintiff on his retaliation

1

claim. (Doc. No. 31). Plaintiff filed a Rule 50/59 Motion on October 5, 2018.[1] (See Doc. No. 43). On October 10, 2018, Defendant filed a Motion to Strike (Doc. No. 44).

ANALYSIS

The Court acknowledges that Plaintiff's Rule 50/59 Motion was filed fourteen (14) days past the deadline set by the Court. As the transcript of the proceedings confirms, Plaintiff was informed by the Court that any post-trial motions were due by September 21, 2018. On notice of that deadline, Plaintiff failed to meet it. Nevertheless, because, by rule, a party ordinarily has 28 days within which to file post-trial motions, and the filing was made within that time period, the Court will address the merits of Plaintiff's motion. See Windsor v. Board of Educ. of Prince George's County, No. TDC-14-2287, 2018 WL 812952, at *1 (D. Md. Feb. 8, 2018); Fed. R. Civ. P. 50(b), (d), 59(b).

To the extent that Plaintiff's Rule 50/59 Motion seeks judgment notwithstanding the verdict (JNOV), it necessarily fails. Rule 50 of the Federal Rules of Civil Procedure requires that any such motion be made "before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). After the jury has returned its verdict, the rules permit only a renewal of a previously made motion. See Fed. R. Civ. P. 50(b). Because Plaintiff made no such motion at the close of the evidence, his post-verdict motion is procedurally improper and thus will be denied. See Fed. R. Civ. P. 50, (a)(2), (b); see also 9B Charles Allan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2537 (3d ed. 2010) (stating that "the district court only can grant the Rule 50(b) motion on the grounds advanced in the [Rule 50(a)] motion, because the former is conceived of only as a renewal of the latter").

---

[1] The Court acknowledges that Plaintiff filed his motion in violation of Local Rule 7.1(c)(2). Pursuant to this Court's Local Rules, a party may not include a motion in a responsive brief. LCvR 7.1(c)(2). Instead, a party must set forth each motion in a separately filed pleading with a supporting brief. Id. Here, in his response to Defendant's Motion for Judgment as a Matter of Law or in the alternative, for a New Trial (Doc. No. 34), Plaintiff also requested a new trial (Doc. No. 43). Despite being improperly filed, the Court will construe Plaintiff's Response as a properly filed Motion.

Alternatively, Plaintiff's Rule 50/59 Motion seeks a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. A court may grant a motion for a new trial "for any reason" for which a new trial had been granted in a federal trial, Fed. R. Civ. P. 59(a)(1)(A), including "substantial errors in admission or rejection of evidence or instructions to the jury," Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). Typically, a new trial may be warranted if the verdict is against the "clear weight of the evidence." Williams v. Nichols, 266 F.2d 389, 392 (4th Cir. 1959). While a Rule 50 motion requires the Court to evaluate the evidence in the light most favorable to the non-moving party, a Rule 59 motion has a more flexible standard, requiring the court to conduct a "comparison of opposing proofs." Id. at 393. Even under that more generous standard, however, Plaintiff's motion for a new trial fails.

Here, Plaintiff alleged employment discrimination under the ADA, retaliation, and wrongful discharge under NCEPA. The ADA provides a defense if the employment or accommodation of an otherwise qualified, disabled individual would pose a "direct threat" to the individual or to others, which is applicable to both disparate treatment claims and reasonable accommodation claims. See Chevron U.S.A. Inc. v. Echazabal, 536 U.S. 73 (2002); Buskirk v. 154 Apollo Metals, 307 F.3d 160, 168 (3d Cir. 2002). Retaliation claims brought under the ADA are analyzed under the McDonnell Douglass burden-shifting framework, requiring employers to produce a legitimate, nondiscriminatory reason for the adverse action. Karpel v. Inova Health Sys. Servs., 134 F. 3d 1222, 1228 (4th Cir. 1998); Morris v. BellSouth Telecomm., 302 F. Supp. 515, 521 (M.D.N.C. 2004). Furthermore, state law claims for wrongful termination for discharge due to handicap are analyzed with the same burden shifting test as claims brought under the ADA. See Morris, 302 F. Supp. at 521 (M.D.N.C. 2004) (citing Brewer v. Cabarrus Plastics, Inc., 504 S.E.2d 580, 584 (N.C. Ct. App. 1998), rev. denied, 527 S.E.2d 662 (1999)) ("For this reason, any common

3

law action plaintiff might have fails for the reasons discussed above in the sections of this Recommendation dealing with her . . . ADA claims. Defendant has provided a legitimate, nondiscriminatory, nonretaliatory reason for her termination and plaintiff has no evidence that this was not the reason for her termination.").

Having observed the trial and upon consideration of the full record, the Court finds no basis to grant a new trial. Defendant has provided testimony and evidence to support Defendant's legitimate, nondiscriminatory reason for termination and failing to accommodate, which serves as an affirmative defense to all of Plaintiff's claims. The evidence and testimony offered by Defendant showed that Defendant's decision was based on Defendant receiving a duty to warn call from the Employee Assistance Program (EAP) that Plaintiff made statements posing a threat to other employees; Plaintiff's statements to his supervisor, Quinn Hall, that he might "go off on someone;" and Dr. Williams' written evaluation and testimony that Plaintiff posed a threat to the workplace. Plaintiff did not refute that such statements were made. The only evidence offered by Plaintiff to rebut Defendant's nondiscriminatory reason focused on the fact that Plaintiff had not previously acted on his feelings. However, to prove pretext, a plaintiff must do more than present conclusory allegations of discrimination; rather "concrete particulars are required." See Propst v. HWS Co., 148 F.Supp. 506, 527 (W.D.N.C. 2015) (quoting Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir.1985)). Further, more than a "mere . . . scintilla of evidence" or the appearance of "some metaphysical doubt" concerning pretext must be presented. Id. (internal citations omitted). The Court finds that Plaintiff failed to provide any evidence beyond suggesting the appearance of pretext. After comparing the opposing proofs offered by the parties at trial, the Court is satisfied that the jury's verdict was not against the clear weight of the evidence. Accordingly, the Rule 50/59 Motion will therefore be denied.

CONCLUSION

IT IS THEREFORE ORDERED that for the reasons explained above:

1. Defendant's Motion to Strike (Doc. No. 44) is DENIED AS MOOT as to Plaintiff's Response to Defendant's Rule 50 Motion and DENIED as to Plaintiff's Motion for a New Trial.

2. Plaintiff's Motion for a New Trial (Doc. No. 43) is DENIED.

IT IS SO ORDERED.

Signed: October 23, 2018

*Frank D. Whitney*
Frank D. Whitney
Chief United States District Judge